# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BARRETT BARIA,** *et al.*                                                           **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 1:19-CV-248-KS-JCG**

**SINGING RIVER ELECTRIC COOPERATIVE**                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Plaintiffs' Motion for Reconsideration [18]. The Court directs the Clerk to re-open the case, and the parties shall contact the Magistrate Judge to schedule a case management conference

## I. BACKGROUND

The Court has previously discussed the background of this case. *See Baria v. Singing River Elec. Coop.*, 2019 WL 2343841, at *1 (S.D. Miss. June 3, 2019). On June 3, 2019, the Court entered a Memorandum Opinion and Order [17] granting Defendant's Motion to Compel Arbitration [3], denying Plaintiffs' Motion for Limited Lifting of the Stay on Discovery [9], and administratively closing the case pending the parties' completion of arbitration. *Id.* at *5. The Court held that the parties had executed a valid arbitration agreement because Plaintiffs' application for service incorporated Defendant's bylaws, and the bylaws include an arbitration provision. *Id.* at *3. The Court also noted that the Mississippi legislature specifically granted Defendant's board of directors the authority to adopt and amend the bylaws regulating the terms and conditions upon which Defendant provides services to its

members "as the board may deem appropriate or desirable." *Id.* (quoting MISS. CODE ANN. § 77-5-223(a)). Finally, the legislature prescribed that Defendant's members must "comply with the terms and conditions in respect to membership contained in the bylaws . . . ." *Id.* (quoting MISS. CODE ANN. § 77-5-225).

The Court also concluded that the parties to the contract had agreed to delegate questions of arbitrability to the arbitrator by incorporating the Rules of the American Arbitration Association ("AAA"). *Id.* at *4 (citing *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 551-52 (5th Cir. 2018)). Therefore, the Court concluded that Plaintiffs' arguments as to the enforceability or validity of the arbitration provision must be presented to the arbitrator. *Id.* at *3-*4.

On June 18, 2019, Plaintiffs filed a Motion for Reconsideration [18]. They argue that they did not assent to the inclusion of an arbitration provision in their contract with Defendant, and that the arbitration provision and its delegation clause were the products of coercion. Plaintiffs also argue that it would be inequitable to condition the receipt of a basic public necessity – in this case, electricity – upon assent to an arbitration agreement.

After considering the parties' briefing on the Motion for Reconsideration [18], the Court entered an Order [21] for the parties to provide additional briefing as to 1) how the Court should understand the relationship between the agreement for electrical services and the bylaws, 2) whether bylaws created or modified subsequent to the execution of a contract for services should be treated differently from bylaws

in existence at the time the contract for services is executed, and 3) whether and how the insertion of the arbitration provision into Defendant's bylaws was procedurally unconscionable. The parties provided the additional briefing, and the Court is ready to provide a ruling.

## II. STANDARD OF REVIEW

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiffs' Motion for Reconsideration [18] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [17] granting Defendant's Motion to Compel Arbitration [3]. Therefore, Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that

3

could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App=x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### III. DISCUSSION

The Court follows a two-step inquiry to determine whether to compel arbitration. *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007). First, the Court determines "whether the parties agreed to arbitrate the dispute." *Id.* Then, the Court must determine "whether any federal statute or policy renders the claim nonarbitrable." *Id.* To determine whether the parties agreed to arbitrate, the Court considers two factors: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* The Court applies "ordinary state-law principles that govern the formation of contracts." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2003). Under Mississippi law, "[t]he elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *LAGB, LLC v.*

4

*Total Merchant Servs., Inc.*, 284 So. 3d 720, 724 (Miss. 2019).

It is undisputed that a contract existed between the parties. The parties dispute the specific terms of the contract, and whether those terms can be enforced. Defendant contends that Plaintiffs' contract for service expressly incorporated the bylaws, which include an arbitration provision. Plaintiffs argue that they never assented to an arbitration provision. Therefore, the parties dispute the validity of the arbitration provision, rather than formation of the contract for services. *See Lefoldt v. Horne, LLP*, 853 F.3d 804, 814 (5th Cir. 2017) (plaintiff's argument that specific terms of contract could not be proven or enforced constituted a challenge to validity of those terms, rather than formation of the contract as a whole).

"[T]here are two types of validity challenges under § 2" of the FAA. *Id.* (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70, 130 S. Ct. 2772, 177 L. Ed. 403 (2010)). "One type challenges specifically the validity of the agreement to arbitrate." *Id.* "The other challenges the contract as a whole . . . ." *Id.* The former type of challenge is addressed by the Court; the latter type of challenge is reserved for the arbitrator. *Id.* at 815. Because Plaintiffs challenge the validity of the arbitration provision itself, rather than the parties' contract as a whole, this is a matter for the Court, rather than an arbitrator.

The Court has addressed similar issues in two other cases filed by the same attorneys on behalf of members of other power cooperatives. *See Willis v. Dixie Elec. Power Ass'n*, 2020 WL 601389 (S.D. Miss. Feb. 5, 2020); *Butler v. Coast Elec. Power*

5

*Ass'n*, No. 1:18-CV-79-KS-MTP (S.D. Miss. Feb. 5, 2020), ECF No. 58. In those cases, the record contained evidence that the plaintiffs had executed applications for service that expressly incorporated the terms of the power cooperatives' bylaws. Here, Defendant has not directed the Court to copies of the applications for service for each Plaintiff. Rather than rely on a provision in the applications that expressly incorporates the bylaws, Defendant argues that *all* contracts for service with a power cooperative *automatically* incorporate the cooperative's bylaws by operation of statute.

The relevant statute provides that "[a]ny person may become and remain a member if such person shall use energy supplied by such corporation and shall comply with the terms and conditions in respect to membership contained in the bylaws of such corporation . . . ." MISS. CODE ANN. § 77-5-225. Although the statute does not explicitly state as much, the logical inference from this language is that the terms of the relationship between a power cooperative and its members are set out in the by-laws. Additionally, the Mississippi Supreme Court has held, in the context of agricultural cooperatives, that the "by-laws of a corporation evidence the contract between it and its members or stockholders and govern the transaction between them." *Clarke County Co-op., (AAL) v. Read*, 139 So. 2d 639, 642 (Miss. 1962). Therefore, "[a] patron of a cooperative having by-laws . . . , is bound by such by-laws . . . ." *Id.*

However, within the specific context of power cooperatives, the Mississippi

6

Supreme Court has more recently held that a question of by-law interpretation "begins with reviewing [the power cooperative's] application-for-service form." *The Door Shop, Inc. v. Alcorn County Elec. Power Ass'n*, 261 So. 3d 1099, 1104 (Miss. 2018). The Supreme Court found that a member of a power cooperative was bound by the cooperative's by-laws because it executed an application for service that incorporated them, and in which the member specifically agreed to abide by them. *Id.* at 1104-05. Moreover, the Court found that the cooperative's board was authorized by statute to amend the by-laws, and, therefore, the member's initial agreement covered subsequent amendments. *Id.* at 1105.

Although it is undisputed that the parties executed a contract, the Court has no idea what the specific terms of that contract were. Neither party has directed the Court to a copy of Plaintiffs' applications for service. In light of *The Door Shop*, this federal Court declines to create a precedent that all contracts for service with Mississippi power cooperatives automatically incorporate the cooperative's by-laws by operation of Mississippi statute. The Court also notes that, should Defendant disagree with the outcome of this motion, it need only produce copies of the applications and demonstrate that they incorporated the terms of the bylaws, as other power cooperatives have done in similar cases.

### IV. CONCLUSION

For these reasons, the Court **grants** Plaintiffs' Motion for Reconsideration [18]. The Court directs the Clerk to re-open the case, and the parties shall contact the

7

Magistrate Judge to schedule a case management conference.

SO ORDERED AND ADJUDGED this 17th day of March, 2020.

                                                /s/     Keith Starrett
                                                        KEITH STARRETT
                                      UNITED STATES DISTRICT JUDGE